IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK ANTHONY GYETVAY,<br><br>Defendant. | Case No. 2:23-cv-452 |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

By its plain terms, 31 U.S.C. § 5321(a)(5)(D)(ii) permits penalties above $100,000 only for "failure to report ***the existence of an account*** or any ***identifying information required*** to be provided with respect to an account." That language describes a "***subclass*** of willful [FBAR] violations." *Bittner v. United States*, 598 U.S. 85, 94 (2023) (emphasis added). The government, however, would rewrite § 5321(a)(5)(D)(ii) as extending to ***all*** FBAR violations. That requires the government to rewrite the statute. Although the provision authorizes penalties over $100,000 only for failing to report an account's "existence" or required "identifying information," the government would rewrite it to cover "any failure to provide information required by the FBAR form." To resolve the issue, this Court need only adhere to statutory text. Mr. Gyetvay's 2014 FBAR disclosed the Felicis account's "existence," and all "identifying" information "with respect to" it, *i.e.*, account number, bank, *etc*. Section 5321(a)(5)(D)(ii) does not apply.

Nor does collateral estoppel apply. The jury made no determination about the

Felicis account, much less one "critical and necessary" to the judgment. *Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000). The verdict form, and the portion of the indictment the jury saw, do not even mention the Felicis account.[1]

I.     THE MAXIMUM PENALTY FOR THE FELICIS ACCOUNT IS $100,000

Section 5321(a)(5)'s text, structure, and history demonstrate that the maximum penalty for the Felicis account is $100,000. The government does not dispute that Mr. Gyetvay filed a timely 2014 FBAR disclosing the Felicis account's existence, its identifying number, and the relevant bank. ECF No. 13 (Mot.) at 11; Compl. ¶106. It nowhere denies the issue can be resolved on a motion to dismiss. Mot. 10. And it agrees that the maximum penalty is $100,000 unless the violation falls in the subclass identified by 31 U.S.C. § 5321(a)(5)(D)(ii).

That subclass is limited to "failure[s] to report the existence of an account or any identifying information required to be provided with respect to an account." 31 U.S.C. § 5321(a)(5)(D)(ii). After quoting that provision, the government says: "In other words, the Bank Secrecy Act authorizes a penalty for any failure to provide information required by the FBAR form." ECF No. (Opp.) 22 at 5; *see id.* at 6 ("account-specific information that Section 5314 requires disclosure of"). But that does not restate § 5321's meaning; it rewrites it. Congress required the violation be either:

---

[1] Mr. Gyetvay received leave under Local Rule 3.01(d) to file a reply addressing only these two issues. The limited scope of this reply thus does not abandon other parts of the motion to dismiss.

2

(1) failure to report an account's "***existence***", or (2) omission of "***identifying*** information" for the account. The government excises both requirements. It is a "basic premise of statutory construction" that "no words shall be discarded as being meaningless." *United States v. Canals-Jimenez*, 943 F.2d 1284, 1287 (11th Cir. 1991).

Congress could have extended §5321(a)(5)(D)(ii)'s alternative maximum penalty to any "violation involving an account." A companion provision uses such language, creating a different maximum penalty for any "violation involving a transaction." *See* §5321(a)(5)(D)(i). Congress could have drafted §5321(a)(5)(D)(ii) to encompass any failure to report "information required to be provided." But it chose narrower language, restricting penalties over $100,000 to failures to report "identifying" information "with respect to an account." §5321(a)(5)(D)(ii). Those terms plainly do not encompass all "information required by the FBAR form," *see* ECF No. 13-1 at 4, 11 (requiring filer's "Email" and "Third Party Preparer" identity)— but instead only "identifying information" for the account.

Indeed, as Mr. Gyetvay pointed out (Mot. 2), the Supreme Court rejected the government's interpretation. It read the language at issue to describe a "subclass of willful violations." *Bittner*, 598 U.S. at 94. The government offers no response.

The government also ignores the regulatory structure. Taxpayers with 25 or more foreign accounts need not provide the information allegedly omitted for the Felicis account. 31 C.F.R. §1010.350(g). That shows the law does not aim to "ensure

the presentation of every detail or to maximize revenue for each mistake." *Bittner*, 598 U.S. at 100. But the government's interpretation would "maximize" the penalty for omitting any "detail" the FBAR form required. Mot. 13-14.

The government objects to use of *noscitur a sociis* because § 5321(a)(5)(D)(ii) uses the "disjunctive" term "or." Opp. 5. But the Supreme Court regularly applies *noscitur a sociis* to statutes using the disjunctive "or." *See Yates v. United States*, 574 U.S. 528, 543-44 (2015) ("record, document, or tangible object"); *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 573-75 (1995). The words "identifying information" here plainly mean information that identifies the "account"—just as failure to report "existence" refers to the account's existence. The government nowhere contests that the information Mr. Gyetvay allegedly omitted is not used to "identify" accounts. Mot.12. The identifying information, account number, bank, *etc.*, was disclosed. *Id*.

The rule of lenity requires resolving any ambiguity in Mr. Gyetvay's favor. Mot. 14. The government identifies no guidance warning taxpayers that failing to list an interest in a disclosed account, or its highest balance, could result in a penalty of half the account's balance. *Id.* The government decries *Bittner*'s lenity discussion as "non-binding dicta." Opp. 7 n.3. But binding precedent applies the lenity rule to tax penalties. *Comm'r v. Acker*, 361 U.S. 87, 90 (1959).

This dispute concerns only statutory construction. The government identifies no further allegations that would change the result. Leave to amend is unwarranted.

*Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315, 1320 (11th Cir. 1999).

## II. THE GOVERNMENT CANNOT ASSERT COLLATERAL ESTOPPEL

The government agrees it cannot invoke collateral estoppel unless the issue was "of necessity . . . decided at the criminal trial." Opp. 9; *Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000). It argues willfulness was "necessarily" decided **for the Felicis account** at trial because the indictment "identified" that account. Opp. 9. But Eleventh Circuit precedent requires that the issue not just be "properly raised" but **also** "submitted for determination" and "determined." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1268 (11th Cir. 2011). Here, that did not occur. Mot. 19.

The government's sole citation is not to the contrary. The court there looked to the "verdict form" to determine what was "necessarily decided." *United States v. Kerr*, No. 19 Civ. 5432, 2021 WL 778607, at *3 (D. Ariz. Mar. 1, 2021). The verdict form there found the defendant "guilty as charged in Count 6 of the Indictment." *Id.* What mattered was not that the indictment listed the accounts, but that the verdict form incorporated that list from the indictment. *Id.* Here, the verdict form asked the jury to find only that Mr. Gyetvay failed to file a 2014 FBAR that "disclosed his interest in" **the Opotiki** account. ECF No. 13-1 at 19. While the government invokes the indictment's allegations about the Felicis account, Opp. 8-9, it overlooks that the jury did not even receive that portion of the indictment, *see* Case No. 2:21-cr-83, ECF 267 at 139. Collateral estoppel cannot apply.

5

Dated:  December 5, 2023                Respectfully submitted,

/s/ Matthew J. Mueller
Matthew J. Mueller, FBN: 0047366
FOGARTY MUELLER HARRIS, PLLC
501 E. Kennedy Blvd., Suite 790
Tampa, FL 33602
Tel:    813-682-1730
Fax:    813-682-1731
Email: matt@fmhlegal.com

s/Nicholas R. Metcalf
Nicholas R. Metcalf
Law Office of Nicholas R. Metcalf
601 New Jersey Avenue NW
Suite 260
Washington, D.C. 20001
Tel: 202-908-6935
Email: nick@nmetcalflaw.com

*Counsel for Defendant Mark A. Gyetvay*

## **CERTIFICATE OF COMPLIANCE AND SERVICE**

I hereby certify that on December 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system, thereby serving this document on all parties of record in this case.

December 5, 2023                /s/ Matthew J. Mueller
                                Matthew J. Mueller, FBN: 0047366